UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| John C. Peterson, an individual, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CenterPoint Energy Inc., *et al,* ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 2:13-cv-00766-GMN-GWF <br><br> **ORDER** <br><br> Application to Proceed in Forma Pauperis (#1) and Screening of Complaint |

This matter comes before the Court on Plaintiff John C. Peterson's ("Plaintiff") Application to Proceed in Forma Pauperis ("Application") (#1), filed on May 2, 2013. Plaintiff filed a second Application to Proceed in Forma Pauperis (#2) on October 24, 2013.

**BACKGROUND AND DISCUSSION**

As best the Court can determine, Plaintiff brings this action under the Employee Retirement Income Security Program, 29 U.S.C. §§ 18 *et seq.* ("ERISA"). Plaintiff is a resident of Nevada and all Defendants, based on the pleadings, are residents of Texas.

**I.   Application to Proceed In Forma Pauper**is

Plaintiff filed this instant action and attached a financial affidavit to his Application and Complaint (#1) as required by 28 U.S.C. § 1915(a). Having reviewed Plaintiff's financial affidavit under 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. Therefore, Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

**II.   Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a

complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).  A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario.  *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).  A complaint should be dismissed for failure to state a claim upon which relief may be granted if "it appears beyond doubt that plaintiff can prove no set of facts in support of [his] claim which would entitle [him] to relief."  *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### a. **Personal Jurisdiction**

The Court may exercise personal jurisdiction over a nonresident defendant if permitted by the state's long-arm statute and "if the exercise of that jurisdiction does not violate federal due process."  *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 741 (9th Cir. 2013).  The defendant must have "'minimum contacts'" with the foreign state such that the exercise of jurisdiction "'does not offend traditional notions of fair play and substantial justice.'"  *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  States may exercise general or specific jurisdiction over a nonresident defendant.  *Id.*  General jurisdiction may be established if the plaintiff demonstrates that the defendant has "sufficient contacts to constitute the kind of continuous and systematic general business contacts that approximate physical presence."  *Id.* (internal quotation marks omitted).  Personal jurisdiction may be established by satisfying a three-prong test:

> "(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable."

*Id.* (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)).

Here, Plaintiff does not plead any facts that support the Court's having either specific or general jurisdiction over any of the Defendants. Plaintiff makes no mention of any contact Defendants have had with Nevada, let alone the minimum contacts due process requires. Furthermore, to the extent the Court can comprehend Plaintiff's allegations, all of the facts detailed in the Complaint occurred in Texas. There is also no indication that Defendants directed any conduct toward Nevada. Finally, Defendants could not have anticipated being sued in Nevada based upon conduct that allegedly took place exclusively in Texas. Therefore, the Court finds it does not have jurisdiction over Defendants for the claims Plaintiff is asserting.

### b. Venue

The Court also may *sua sponte* raise the issue of venue where the defendant has not yet filed a responsive pleading and the time to do so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). The following factors govern proper venue for an action:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)-(3). If a matter does not adhere to any of § 1391's provisions, the matter may be subject to transfer or dismissal under 28 U.S.C. § 1406(a). The district court has discretion in determining whether to dismiss or transfer an action. *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

Here, the Court finds that Nevada is not the proper venue for this case. First, Plaintiff does not allege that Defendants reside or are located in Nevada as required under § 1391(b)(1). Second, Plaintiff does not establish a substantial part of the events undergirding his allegations occurred in Nevada as required under § 1391(b)(2). Finally, Plaintiff's claims do not invoke the venue

provisions under § 1391(b)(3). All of the alleged events occurred in Texas, and all the Defendants reside in Texas.

      c.    **Complaint**

Assuming for the sake of argument that this Court had jurisdiction over Defendants and that Nevada were the proper venue, it would still dismiss the Complaint. The Court is unable to ascertain Plaintiff's claims aside from his assertion that they arise under ERISA. Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," which Plaintiff's Complaint does not. Were the Court to reach the substance of Plaintiff's claims for screening, then, it would exercise its discretion under *Neitzke* to dismiss the Complaint as incomprehensible.

To the extent Plaintiff elects to proceed in this matter by filing an amended complaint, he is informed that the Court cannot refer to a prior pleading to make his amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* (#1) is **granted**. Plaintiff shall not be required to pay the $350.00 filing fee.

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file Plaintiff's Complaint (#1-1).

**IT IS FURTHER ORDERED** that Plaintiff's second Application to Proceed in Forma Pauperis (#2) is **denied** as duplicative.

1   **IT IS FURTHER ORDERED** that Plaintiff's Complaint is **dismissed** without prejudice. Plaintiff shall have until **January 5, 2014** to file an amended complaint that cures the noted jurisdictional and pleading deficiencies.

DATED this 6th day of December, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge