# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JOHN C. PETERSON, )<br><br>Plaintiff, )<br><br>vs. )<br><br>CENTERPOINT ENERGY, INC., *et al.* )<br><br>Defendants. )<br>_____ ) | Case No.: 2:13-cv-00766-GMN-GWF<br><br>**ORDER ACCEPTING REPORT &<br>RECOMMENDATION OF<br>MAGISTRATE JUDGE FOLEY** |

Pending before the Court is the Report and Recommendation (ECF No. 16) of the Honorable George W. Foley, Jr., United States Magistrate Judge, entered on August 15, 2014, recommending Plaintiff's Second Amended Complaint (ECF No. 15) be dismissed with prejudice.  Plaintiff John C. Peterson ("Plaintiff") filed his Objection to the Report & Recommendation (ECF No. 17) on August 28, 2014.

## I.    BACKGROUND

Plaintiff filed an Application to Proceed *in Forma Pauperis* (ECF No. 1) on May 2, 2013.  Attached to Plaintiff's application was his initial Complaint (ECF No. 1-1).  Judge Foley conducted a screening of the Complaint, and on December 6, 2013, entered an Order permitting Plaintiff to proceed *in forma pauperis* but dismissing Plaintiff's Complaint without prejudice for jurisdictional issues and the Court's inability to ascertain Plaintiff's claims. (First Screening Order, ECF No. 6).  Plaintiff filed an Amended Complaint (ECF No. 7) later that same day, which Judge Foley also found did not contain any ascertainable claims or basis for federal jurisdiction. (Second Screening Order, ECF No. 12).  Accordingly, Judge Foley also dismissed the Amended Complaint without prejudice on May 28, 2014 and gave Plaintiff until June 27, 2014 to file a Second Amended Complaint correcting these deficiencies. (*Id.*).

On July 31, 2014, over a month after the deadline set by Judge Foley, Plaintiff filed his Second Amended Complaint. (ECF No. 15).  The Second Amended Complaint appears to be ninety-one handwritten pages of copied docket entries from various unrelated cases and two different collection notices seeking payment from Plaintiff. (*Id.*).  A sample of Plaintiff's Complaint reads as follows:

> 158 F.R.D. 110.111 filed complaint July 22, 1992, at 112, Judge Hittner dismissed Nov. 18, 1992 120 days for service of process 118 days. Granted pro-se status on July 21, 1992. For service Rule 4(a) service (3) United States Marshal. 28/1915. 101 F.3d 444 vacated and remanded at 448. Rule 4 1915(c) The District Court's failure to act in accordance with these two provisions was an abuse of discretion. Notice of Removal. 28/1446(b) 724 F.S. 1200. 1201. ORDER: "Motion to Remand", filed August 14, 1989. On September 18, 1989 Defendant filed a Response to Plaintiffs Motion to Remand at 1205[9]-7 Notice of Removal, See 28 1446(b) (West Supp. 1989) (requiring Defendant to file notice of removal within thirty days of service of state court complaint)....Motion for trial at 385. ORDERED that the defendants motion for summary judgment with respect to the plaintiff retaiation [sic] claim under the ADA against Cold Spring Hurb or School District is denied. ORDERED that the defendants' motion for the court to decline to exercise supplemental jurisdiction over the plaintiffs state law claims is denied.

(Second Amended Complaint at 1, ECF No. 15).  In the Report and Recommendation, Judge Foley found that—like the previous two complaints—the Second Amended Complaint failed to state an ascertainable claim or a basis for this Court's jurisdiction. (Report and Recommendation 3:15-4:20, ECF No. 16).  Accordingly, Judge Foley recommended that the Second Amended Complaint be dismissed with prejudice because amendment appeared to be futile. (*Id*. 4:21-26).

## II.  LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2.  Upon the filing of such objections, the Court must make a de novo determination of those portions of the Report to which objections are made. *Id*.  The Court may

1    accept, reject, or modify, in whole or in part, the findings or recommendations made by the

2    Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b).

3    **III.    <u>DISCUSSION</u>**

4         In the Report and Recommendation, Judge Foley found that Plaintiff's Second Amended

5    Complaint should be dismissed with prejudice because it failed to state any ascertainable claims

6    or a basis for this Court's jurisdiction and because amendment appeared futile in light of

7    Plaintiff's failure to correct the previous two complaints that were also found defective on the

8    same grounds. (Report and Recommendation 3:15-4:26, ECF No. 16).  Plaintiff's Objection to

9    the Report and Recommendation, like his deficient complaints, appears to a collection of

10   copied docket entries without any coherence or apparent discussion of Plaintiff's claims, this

11   Court's jurisdiction, or Judge Foley's Report and Recommendation. (Objection, ECF No. 17).

12        A court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for

13   failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police*

14   *Dept.*, 530 F.3d 1124, 1129 (9th Cir. 2008).  Rule 8(a)(2) requires that a plaintiff's complaint

15   contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

16   Fed. R. Civ. P. 8(a)(2).  Additionally, "[p]rolix, confusing complaints" should be dismissed

17   because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d

18   1172, 1179 (9th Cir. 1996).

19        Having reviewed the record in this case, the Court agrees with Judge Foley that

20   Plaintiff's Second Amended Complaint fails to state any ascertainable claims and does not

21   comply with Rule 8's pleading requirements.  Though the Court is mindful of the fact that the

22   Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of

23   pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Second Amended

24   Complaint appears to be devoid of any statements that could potentially show a claim which

25   entitles Plaintiff to relief.  Accordingly, the Second Amended Complaint must be dismissed.

Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992).

Here, Plaintiff has been given leave to amend his complaints on two previous occasions in order to correct the deficiencies in the complaints. Plaintiff, however, has failed to correct the pleading deficiencies in either of these amended complaints. Moreover, his Objection to Judge Foley's recommendation that the Second Amended Complaint be dismissed with prejudice is also devoid of any indication that Plaintiff may be able to amend his complaint and sufficiently plead a short and plain statement of a claim showing that he is entitled to relief. Accordingly, providing further opportunities to amend his complaint appears to be futile and dismissal with prejudice is appropriate in this case.

## IV.   <u>CONCLUSION</u>

**IT IS THEREFORE ORDERED** that the Report and Recommendation (ECF No. 16) is **ACCEPTED and ADOPTED in full**. Plaintiff's Second Amended Complaint (ECF No. 15) is **DISMISSED with prejudice**.

The Clerk of the Court shall enter judgment accordingly and close the case.

**DATED** this 20th day of October, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge